**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SUN SPECIALIZED HEAVY HAUL, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 16-CV-491-GKF-PJC |
| ACE HEAVY HAUL, LLC, et al., | ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the court is the Motion to Dismiss of defendant Ace Heavy Haul, LLC ("Ace").

[Dkt. #11].  For the reasons set forth below, the court grants Ace's motion.

### I. Procedural History

This dispute arises from a contract between Ace and plaintiff Sun Specialized Heavy

Haul, LLC ("Sun").  In broad terms, Ace and Sun executed an "Independent Contractor Lease

Agreement," whereby Sun would provide tractors, trailers, and drivers to transport goods for

third parties on Ace's behalf.  [Dkt. #11-1].[1]  The agreement contains a choice of law/forum

selection clause, which states:

> This Agreement shall be governed by and construed in accordance with the laws
> of the State of New Jersey, without giving effect to the principles of conflict of
> laws thereof.  Any suit brought to enforce the terms or conditions of this
> Agreement or otherwise arising from or connected with the subject matter of this
> Agreement shall be governed by New Jersey law, and any suit is to be brought in
> Burlington County, New Jersey.

---

[1] The court appropriately considers the Lease Agreement in ruling on Ace's motion.  Where a
"document is referred to in the complaint and is central to the plaintiff's claim, the defendant
may submit an indisputably authentic copy to the court to be considered on a motion to dismiss."
*Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001) (quotation marks
omitted).

[Dkt. #11-1, p.8].  Sun filed suit in Oklahoma state court on February 16, 2016, for breach of contract, negligence, and fraud.  The case was removed to this court on July 26, 2016.  Ace now moves to dismiss Sun's petition, arguing that: (1) the agreement's forum selection clause compels dismissal under the doctrine of *forum non conveniens*; and (2) Sun's fraud claim is not pled with the particularity required by Fed. R. Civ. P. 9(b).

## II. Legal Standard

"[Forum selection] clauses are *prima facie* valid and should be enforced."  *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992); *accord Mengers v. Route 66 RB's, Inc.*, No. 14-CV-253-JED-TLW, 2014 WL 3341307, at *2 (N.D. Okla. July 8, 2014).  Such clauses generally come in two varieties—mandatory or permissive.  *Cardoni v. Prosperity Bank*, No. 14-CV-319-CVE-PJC, 2014 WL 3369334, at *5-6 (N.D. Okla. July 9, 2014).  Mandatory clauses contain "clear language showing that jurisdiction is appropriate only in the designated forum."  *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 321 (10th Cir. 1997) (quotation marks and citation omitted).  Permissive clauses merely "authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere."  *Id.* (internal quotation marks and citation omitted).  The court will enforce a mandatory forum selection clause unless "invalid" or enforcement would be "unreasonable and unjust" under the circumstances.  *XETA Techs., Inc. v. Exec. Hosp., Inc.*, No. 08-CV-197-GKF-PJC, 2008 WL 5070726, at *1 (N.D. Okla. Nov. 21, 2008).

"[T]he appropriate way to enforce a forum-selection clause pointing to a state . . . forum is through the doctrine of *forum non conveniens*."  *Atl. Marine Constr. Co. v. Dist. Court for the W. Dist. of Tex.*, 134 S.Ct. 568, 580 (2013).  That analysis "entail[s] the same balancing of interests standard" used to evaluate "forum selection clause[s] pointing to a federal forum"—

after all, 28 U.S.C. § 1404(a) "is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system." *Id.* Relevant factors ordinarily include: the plaintiff's choice of forum; cost and convenience to parties and witnesses; and public administration considerations. *Id.* at 581, n. 6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n.6 (1981)).

A valid forum selection clause, however, changes the calculus. *Atl. Marine Constr. Co.*, 134 S.Ct. at 581. *First*, "the plaintiff's choice of venue merits no weight." *Id.* "[B]y contract[ing] to bring suit in a specified forum—presumably in exchange for other binding promises by the defendant—the plaintiff has effectively exercised its 'venue privilege' before a dispute arises." *Id. Second*, arguments about the parties' private interests are irrelevant. "Where parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient." *Id.* The court "accordingly *must* deem the private-interest factors to . . . favor the preselected forum," *id.* (emphasis added); the court "may consider arguments about public-interest factors only," *id.*

### III. Analysis

Sun "carries a heavy burden" in opposing enforcement of the forum selection clause. *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 957 (10th Cir. 1992). Sun argues that the clause is ambiguous, and must be construed as permissive. The court disagrees. "[W]hen venue is specified, such as when the parties designate a particular county . . . and the designation is accompanied by mandatory or obligatory language, a forum selection clause will be enforced as mandatory." *Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 927 (10th Cir. 2005). The clause here does both. To start, it designates Burlington County, New Jersey as the venue for suit. *See id.*; *Excell, Inc.*, 106 F.3d at 321 ("Because the language of the

clause refers only to a specific county . . . venue is intended to lie only in state . . . court."). And that designation is accompanied by mandatory language of exclusion: "Any suit . . . is to be brought in Burlington County, New Jersey." [Dkt. #11-1, p.8]; *See Mann v. Auto. Protection Corp.*, 777 F.Supp.2d 1234, 1242 (10th Cir. 2011) (finding "shall be filed" constitutes language of exclusion); *XETA Techs., Inc.*, 2008 WL 5070726, at *2 (finding "must take place in" constitutes language of exclusion).

The caselaw cited by Sun—which interprets the word "shall"—is not to the contrary. "To state that a court 'shall have jurisdiction' is admittedly not exclusive of courts of other jurisdictions." *XETA Techs., Inc.*, 2008 WL 5070726, at *2. But the clause here does more—it requires that "*any* suit . . . *is to be brought* in Burlington County." [Dkt. #11-1, p.8] (emphasis added). "This language necessarily excludes other jurisdictions and venues." *See XETA Techs., Inc.*, 2008 WL 5070726, at *2; *Intermetals Corp. v. Hanover Int'l Aktiengesellschaft Fur Industrieversicherungun*, 188 F.Supp.2d 454, 461 (D.N.J. 2001) ("[T]he phrase '*The* court of jurisdiction . . . *is to be at* the place' is a clear indication that the drafter intended for the clause to be exclusive.") (emphasis in original). Accordingly, the court holds that the forum selection clause is unambiguously mandatory.

Next, Sun asserts that the balance of private interests—including its choice of forum—favors venue in Oklahoma. That ignores the teaching of *Atlantic Marine*. By agreeing to a forum selection clause, Sun "waive[d] the right to challenge" venue in New Jersey as "inconvenient or less convenient for [it]self or [its] witnesses." *See Atl. Marine Constr. Co.*, 134 S.Ct. at 582. Indeed, "[w]hatever 'inconvenience' [Sun] would suffer . . . was clearly foreseeable at the time of contracting." *See The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17-18 (1972). For this reason, private interest factors "weigh entirely in favor of the preselected

forum" as a categorical matter. *Atl. Marine Constr. Co.*, 134 S.Ct. at 582. Nor does Sun's choice of forum merit consideration. Sun "effectively exercised its 'venue privilege'" "by contract[ing] to bring suit only in a specified forum." *Id.* And the court will not "unnecessarily disrupt the parties' settled expectations" about where such legal action should take place. *See id.* At 583.

"As the party acting in violation of the forum-selection clause, [Sun] must bear the burden of showing that public-interest factors overwhelmingly disfavor" dismissal. *See id.* Factors generally include: "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Piper Aircraft Co.*, 454 U.S. at 241, n.6. "In all but the most unusual cases . . . 'the interest of justice' is served by holding parties to their bargain." *Atl. Marine Constr. Co.*, 134 S.Ct. at 583.

This is not an unusual case. Sun presents no evidence "that administrative difficulties or court congestion will prevent . . . recei[pt] [of] a timely and fair trial in" the courts of Burlington County. *See Cardoni v. Prosperity Bank*, No. 14-CV-0319-CVE-PJC, 2014 WL 3369334, at *8 (N.D. Okla. July 9, 2014). Nor does Sun dispute, as a general matter, that New Jersey courts have a greater interest in applying New Jersey law—the law governing the agreement. *See id.* Instead, Sun contends that: (1) Oklahoma courts can effectively apply New Jersey law; and (2) Oklahoma law governs Sun's fraud claim. Those arguments—which are inconsistent—wash out. This court is not "aware of any exceptionally arcane features of [Oklahoma tort law] that are likely to defy comprehension by" a sister-court in New Jersey. *See Atl. Marine Constr. Co.*, 134 S.Ct. at 584. And, in any case, it is far from clear that Oklahoma law applies—the contract specifies that New Jersey law shall govern "[a]ny suit brought to enforce . . . this Agreement *or*

*otherwise arising from or connected with the subject matter*" thereof.  [Dkt. #11-1, p.8] (emphasis added).

"Even though the Tenth Circuit has not addressed this issue, the United States Supreme Court [and other Courts of Appeal] ha[ve] applied [ ] forum selection provision[s] in [ ] case[s] involving tort claims." *Mann .v Auto. Protection Corp.*, 777 F.Supp.2d 1234, 1243 (D.N.M. 2011); *accord Cass v. Balboa Capital Corp.*, No. CIV-13-483-SPS, 2015 WL 1428076, at *2 (E.D. Okla. Mar. 27, 2015).  Put simply, "contract-related tort claims involving the same operative facts as a parallel claim for breach of contract should be heard in the forum selected by the contracting parties." *Lambert v. Kysar*, 983 F.2d 1110, 1121-22 (1st Cir. 1993).  Taken together, then, the public-interest factors do not "overwhelmingly" disfavor dismissal.  *See Atl. Marine Constr. Co.*, 134 S.Ct. at 583.

WHEREFORE, Ace's Motion to Dismiss [Dkt. #11] is granted.[2]

IT IS SO ORDERED this 13th day of September, 2016.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] Because dismissal is warranted under the doctrine of *forum non conveniens*, the court need not reach Ace's pleading argument.

6