IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SUN SPECIALIZED HEAVY HAUL, LLC, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 16-CV-491-GKF-PJC |
| ACE HEAVY HAUL, LLC, et al., ) ) | |
| Defendants. ) | |

## OPINION AND ORDER

Before the court is the Motion to Remand of plaintiff Sun Specialized Heavy Haul, LLC ("Sun") [Dkt. #15]. For the reasons set forth below, the court denies Sun's motion.

### I. Procedural History

This dispute arises from a contract between Sun and defendant Ace Heavy Haul, LLC ("Ace"). In broad terms, Ace and Sun executed an "Independent Contractor Lease Agreement," whereby Sun would provide tractors, trailers, and drivers to transport goods for third parties on Ace's behalf. [Dkt. #11-1]. Sun filed suit in Oklahoma state court on February 16, 2016, for breach of contract, negligence, and fraud. In addition to Ace, Sun named Medallion Transport & Logistics, LLC, and Medallion International, LLC, as defendants. On July 26, 2016, defendants removed the case to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Sun now seeks to remand the case to state court, arguing that Ace is a citizen of Oklahoma. Specifically, Sun contends that Ace's citizenship is determined in the same manner as a corporation—that is, state of incorporation or principal place of business.

## II. Legal Standard

Federal courts "are courts of limited jurisdiction." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). To that end, "removal statutes are construed narrowly." *Tulsa Specialty Hosp., LLC v. Boilermakers Nat'l Health & Welfare Fund*, No. 12-CV-252-GKF-FHM, 2012 WL 2887513, at *3 (N.D. Okla. July 13, 2012) (quotation marks and citation omitted). For "diversity citizenship to exist, no plaintiff may be a citizen of the same state as any defendant." *Id.* "[A]s an unincorporated association, "an LLC . . . takes the citizenship of all its members." *Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015); *Tulsa Specialty Hosp., LLC*, 2012 WL 2887513, at *4 ("[F]or purposes of diversity, a limited liability company is a citizen of all states in which its members are citizens."). "An LLC's members 'may include partnerships, corporations, and other entities that have multiple citizenships[.]'" *Maples v. FCA US LLC*, No. 15-CV-158-TCK-PJC, 2015 WL 5971092, at *1 (N.D. Okla. Oct. 14, 2015) (quoting *Hicklin Eng'g L.C. v. Bartell*, 439 F.3d 346, 347–48 (7th Cir. 2006)).

## III. Analysis

Sun—an Oklahoma limited liability company—argues that Ace's "principal place of business" is located in Chelsea, Oklahoma, thus defeating "complete diversity" under 28 U.S.C. § 1332(a)(1). [Dkt. #15, p.4]. That argument mistakes the citizenship test for corporations (*i.e.*, Inc.) as the test for unincorporated associations (*i.e.*, LLC). Indeed, the Tenth Circuit has expressly "reject[ed] [a] request to determine the citizenship of [an LLC] by reference to . . . the state of its primary business operations." *Siloam Springs Hotel, L.L.C.*, 781 F.3d at 1238. Instead, an LLC "takes the citizenship of all its members." *Id.* Here, Ace is a citizen of New Jersey. *See id.*; *Tulsa Specialty Hosp., LLC*, 2012 WL 2887513, at *4. Sun does not dispute that

2

"Ace is a North Carolina limited liability company whose sole member [is] Medallion Transport Holdings, Inc." [Dkt. #2, p.2, ¶7]. Nor does Sun dispute that Medallion Transport Holdings, Inc. "is a New Jersey corporation" with a "principal place of business" in New Jersey. [*Id.* ¶¶7, 9]. For these reasons, complete diversity exists.[1]

WHEREFORE, Sun's Motion to Remand [Dkt. #15] is denied.

IT IS SO ORDERED this 14th day of September, 2016.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Sun does not challenge the citizenship of defendant Medallion Transport & Logistics, LLC or defendant Medallion International, LLC.