**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SUN SPECIALIZED HEAVY HAUL, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 16-CV-491-GKF-PJC |
| ACE HEAVY HAUL, LLC; MEDALLION TRANSPORT & LOGISTICS, LLC; MEDALLION INTERNATIONAL, LLC; JOHN DOE, individual; and JOHN DOE, corporation | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## OPINION AND ORDER

Before the court is the Motion to Dismiss of defendant Medallion Transport & Logistics, LLC [Dkt. #12].  For the reasons set forth below, Medallion's motion is granted.

### I. Background

This dispute arises from a contract between plaintiff Sun Specialized Heavy Haul, LLC ("Sun") and defendant Ace Heavy Haul, LLC ("Ace").  Per that agreement, Sun provided tractor-trailers to transport third-party goods on Ace's behalf.  [Dkt. #11-1].[1]  Sun's trailers were loaded at the Port of Catoosa on February 17, 2014.  However, they were unable to leave—the size of the loads compromised the rigs' stability, rendering them unsafe to drive.  As a result, Sun's trailers remained at the Port of Catoosa until March 14, 2014.  Sun alleges it incurred damages attributable to this transportation delay.  Sun also alleges that Ace continues to fraudulently withhold payment of those damages.

---

[1] The court appropriately considers the Lease Agreement in ruling on Ace's motion.  Where a "document is referred to in the complaint and is central to the plaintiff's claim, the defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001) (quotation marks omitted).

To that end, Sun filed suit in Oklahoma state court on February 16, 2016, for breach of contract, negligence, and fraud.  In addition to Ace, the Petition named Medallion Transport & Logistics, LLC ("Medallion") and Medallion International, LLC as defendants.  The only allegation against the Medallion entities is that they "purchased and acquired Ace."  [Dkt. #2-1, p. 6, ¶ 6].  On July 26, 2016, the defendants removed the case to this court on the basis of diversity jurisdiction.  Medallion now moves for dismissal under Fed. R. Civ. P. 12(b)(2) and 12(b)(6).

### III. Analysis

Medallion advances two arguments in support of dismissal: (1) the court lacks personal jurisdiction—general or specific—over Medallion; and (2) Sun's Petition does not comport with Fed. R. Civ. P. 8(a) and 9(b).  The court agrees and addresses each argument in turn.

### A. Personal Jurisdiction

A "court may exercise personal jurisdiction over a nonresident defendant so long as" "minimum contacts" exist "between the defendant and the forum state."  *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1090 (10th Cir. 1998).  Minimum contacts may be established in two ways.  *First*, "only a limited set of affiliations . . . will render a defendant amenable to all-purpose jurisdiction" in a forum—"'[f]or an individual, the paradigm forum'" for general jurisdiction "'is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home.'"  *Daimler AG v. Bauman*, 134 S.Ct. 746, 760 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)).  *Second*, a court "may exercise specific jurisdiction over a defendant that 'purposefully directed' its activities at the state's residents, if the cause of action arises out of those activities."  *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1066 (10th Cir. 2007) (quoting *Burger King Corp. v.*

*Rudzewicz*, 471 U.S. 462, 472-73 (1985)).  "Adjudicatory authority of this order . . . 'aris[es] out of . . . the defendant's contacts with the forum.'"  *See Daimler*, 134 S.Ct. at 754 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, n.8 (1984)).

"Oklahoma permits the exercise of personal jurisdiction to the full extent permitted by the United States Constitution."  *Anderson Energy Grp. (Ohio), LLC v. Endeavor, Ohio, LLC*, No. 12-CV-430-GKF-TLW, 2013 WL 1910389, at *5 (N.D. Okla. May 8, 2013).  "Plaintiff bears the burden of establishing" that such jurisdiction is proper.  *Id.*  At the motion to dismiss stage, however, "the plaintiff need only make a prima facie showing," *AST Sports Science, Inc. v. CLF Dist. Ltd.*, 149 F.3d 1056 (10th Cir. 2008), "via affidavit, [ ] other written materials" or well-pled allegations, *see Anderson Energy Grp. (Ohio), LLC*, 2013 WL 1910389, at *5.  Sun makes no such showing here.

With respect to general jurisdiction, Sun argues that Medallion "regularly and systematically conducts and solicits business" in Oklahoma.  [Dkt. #17, p.8].  "That formulation . . . is unacceptably grasping."  *Daimler*, 134 S.Ct. at 760–61.  For purposes of general jurisdiction the question "is not whether a . . . corporation's in-forum contacts can be said to be . . . . continuous and systematic, [but] whether that corporation's affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State."  *Id.* at 761 (quotation marks and citation omitted).  Place of incorporation and principal place of business, though non-exclusive, are "paradigm" bases for general jurisdiction.  *See id.* at 760.

Medallion is not "at home" in Oklahoma.  Rather, it is a North Carolina limited liability company.  [Dkt. #12-2, p.1, ¶ 3].  Medallion is not licensed to do business in Oklahoma nor registered with the Department of Revenue, [*id.* at 2, ¶¶ 8-9]; it has paid no taxes and maintained no bank accounts, [*id.* at 2, ¶¶ 9, 16];  it owns neither real nor personal property and maintains no

offices, company files, or record here, [*id.* at 2, ¶¶ 12, 15, 18]; Medallion has no agents or employees in Oklahoma, no telephone, fax, or mail listing, and has never directly advertised in the state, [*id.* at 2, ¶¶ 10, 13].  At most, Medallion has two independent contractor agreements with Oklahoma owners/operators, which account for less than two percent of its gross revenue. [*Id.* at 2, ¶¶ 11, 14].  That is insufficient to establish general jurisdiction.  *See Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295-97 (10th Cir. 1999) (enumerating factors and holding general jurisdiction inappropriate).  Indeed, such an "exorbitant exercise[ ] of all-purpose jurisdiction would scarcely permit out-of-state defendants 'to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.'"  *Daimler*, 134 S.Ct. at 761–62 (quoting *Burger King Corp.*, 471 U.S. at 472).

Sun also fails to establish specific jurisdiction.  Sun argues that Medallion has "purposefully availed itself [of] the privilege of conducting business" in Oklahoma.  [Dkt. #17, p.7].  That is true, as far as it goes—Medallion's establishment of "an ongoing business relationship" with Oklahoma entrepreneurs demonstrates that Medallion directed commercial activity towards the state.  *See ATS Sports Science, Inc.*, 514 F.3d at 1059.  But that is not enough.  *See Melea*, 511 F.3d at 1068 ("That the contacts may have been purposeful only resolves part of our inquiry.").  Sun's "cause of action must also *arise out of* those contacts."  *See id.* (emphasis added).  Simply put, it does not.  Medallion is not a party to the contract at issue in this suit.  [Dkt. #11-1].  And the Petition contains no specific allegations about Medallion's role in the transaction and business dealings between Sun and Ace.  In short, Sun fails to establish any nexus between Medallion's business dealings in Oklahoma and the case at bar.  *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1078 (10th Cir. 2008) (requiring "some sort of causal connection between a defendant's contacts and the suit at issue").

The only specific allegation against Medallion is that it "purchased and acquired Ace." [Dkt. #2-1, p. 6, ¶ 6].  Even if true, "the court must treat the parent company separately from the subsidiary" in determining whether each has sufficient contacts, *Int'l Ins. Brokers, Ltd., L.L.C. v. Team Fin., Inc.*, No. 07-CV-0082-CVE-SAJ, 2007 WL 1959218, at *3 (N.D. Okla. June 29, 2007), unless "circumstances justify[   ] disregard of the corporate entity," *Quarles v. Fuqua Industries, Inc.*, 504 F.2d 1358, 1362 (10th Cir. 1974).  No such circumstances exist in this case—Sun neither alleges nor demonstrates that Ace "is the general agent or alter ego" of Medallion."  *See Int'l Brokers,* 2007 WL 1959218, at *3.

In fact, Sun "does very little to refute [Medallion's] claim that the wrong [corporate entity] was named in this case."  *See Kaufman v. HSBC USA, Inc.*, No. 4:09-CV-318-GKF-TLW, 2010 WL 1410997, at *3 (N.D. Okla. Mar. 31, 2010).  Sun offers no evidence of a Medallion ownership interest in Ace.  Rather, Sun attaches a map of "Agent/Office Locations," [Dkt. #17-1, p.1], and argues that Medallion has "several agents" operating in Oklahoma, [Dkt. #17, p. 4].  That argument lacks merit.  For one thing, Sun's map depicts office and agent locations for all companies owned by Medallion's *parent* company, Medallion Transport Holdings, Inc. ("Medallion Holdings")  [Dkt. #12-2, p. 2, ¶¶ 10, 12]; [Dkt. #27-2, p.1].  For another, at the proper level of magnification, Ace is revealed to be the only Medallion Holdings affiliated entity located in Oklahoma.  [Dkt. #27-2, pp.2-4].  Accordingly, assertion of jurisdiction would be improper.[2]  *See Kaufman*, 2010 WL 1410997, at *3 ("[U]pon close inspection, it appears that many of the materials presented by [plaintiff] are attributable to entities other than [the named corporate defendant].")

---

[2] Because this case does not arise from Medallion's contacts with Oklahoma, the court "need not address" whether the exercise of jurisdiction comports with notions of fair play and substantial justice. *See Foraker v. Reeves*, No. 2:11-cv-00646-RLH-GWF, 2011 WL 6056899, at *3 (D. Nev. Dec. 5, 2011).

## B. Failure to State a Claim

Sun's Petition also fails to state a claim.  On a motion to dismiss, the court must determine whether the plaintiff has stated a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  To that end, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the" complaint "is insufficient."  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).  And while it will draw reasonable inferences in the plaintiff's favor, the court need not accept conclusory allegations as true.  *See Thomason v. First Pryority Bank*, No. 09-CV-796-GKF-TLW, 2010 WL 2079699, at *1 (N.D. Okla. May 21, 2010).  Thus, the plausibility requirement "serves not only to weed out claims that do not . . . have a reasonable prospect of success, but also to inform the defendants of the actual grounds against them." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

As noted above, Medallion is not a party to the contract with Ace.  *See Worman v. Farmers Co-op. Ass'n*, 4 F.Supp.2d 1052, 1054 (D. Wyo. 1998) ("It is axiomatic that an individual not a party to a contract may not be held liable" for its breach.).  And the Petition provides no allegations detailing Medallion's role in the transaction at issue.  Instead, Sun "consistently lumps the [d]efendants into an undifferentiated group and makes" "vague and conclusory statements" about their conduct.  *See Allain v. Wyeth Pharm., Inc.*, No. 2:14-cv-00280-KOB, 2015 WL 178038, at *3 (N.D. Ala. Jan. 14, 2015).  Such an approach "fail[s] to satisfy the requirements of Rule 8, m[uch] less the heightened pleadings requirements of Rule 9."[3]  *See id.*  Accordingly, dismissal is warranted.

---

[3] Fed. R. Civ. P. 9(b) requires fraud claims be pled with "particularity"—that is the "who, what, when, where and how of the alleged fraud," "the time, place, and contents of the false

WHEREFORE, Medallion's Motion to Dismiss [Dkt. # 12] is granted.

IT IS SO ORDERED this 16th day of September, 2016.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

representation, the identity of the party making the false statements[,] and the consequences thereof." *United States ex. rel. Sikkenga v. Regence Bluecross Blueshield*, 472 F.3d 702, 726–27 (10th Cir. 2006) (internal quotation marks omitted).  Sun does not even approach that standard here.