# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| SUN SPECIALIZED HEAVY HAUL, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 16-CV-491-GKF-PJC |
| ACE HEAVY HAUL, LLC; MEDALLION TRANSPORT & LOGISTICS, LLC; MEDALLION INTERNATIONAL, LLC; JOHN DOE, individual; and JOHN DOE, corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the court is the Motion to Dismiss of defendant Medallion International, LLC ("Medallion International") [Doc. No. 32].  For the reasons set forth below, Medallion International's motion is granted.

### I. Background

This dispute arises from a contract between plaintiff Sun Specialized Heavy Haul, LLC ("Sun") and Ace Heavy Haul, LLC ("Ace").  On February 16, 2016, Sun filed suit in Oklahoma state court, naming Ace, Medallion Transport & Logistics, LLC ("Medallion Transport"), and Medallion International as defendants.  Sun served Ace and Medallion Transport on July 6, 2016; Medallion International, however, was never served.  On July 26, 2016, the case was removed to this court on the basis of diversity jurisdiction.  [Doc. No. 2].  Medallion International now moves for dismissal under Fed. R. Civ. P. 12(b)(5).  [Doc. No. 32].

## II. Legal Standard

28 U.S.C. § 1448 provides that, in case of removal, all unserved defendants shall be served "in the same manner as in cases originally filed in such district court," *id.*—that is, "within 90 days after the complaint is filed," Fed. R. Civ. P. 4(m). "Failure to properly serve [a] [d]efendant[ ] deprives th[e] court of personal jurisdiction," which is "fatal to the maintenance of an action." *Hutto v. United States Gov't*, No. 09-CV-737-JHP-FHM, 2010 WL 2854685, at *3 (N.D. Okla. July 16, 2010). Such a failure is evaluated under a "two-step analysis." *Womble v. Salt Lake City Corp.*, 84 Fed. App'x 18, 20 (10th Cir. 2003). *First*, the court considers "whether the plaintiff has shown good cause for the failure to effect timely service." *Quazilbash v. Wells Fargo & Co.*, No. 09-CV-0652-CVE-FHM, 2010 WL 597132, at *1 (N.D. Okla. Feb. 16, 2010) (quotation marks omitted). If shown, "the court must extend the time for service." *Id. Second*, absent good cause, the court considers "whether the plaintiff should be afforded a permissive extension." *Id.* (quotation marks omitted). A "grant of additional time remains discretionary with the" court. *Cloyd v. Arthur Andersen & Co.*, 25 F.3d 1056 (Table), 1994 WL 242184, at *2 (10th Cir. 1994).

## III. Analysis

This case was removed to federal court on July 26, 2016. [Doc. No. 2]. Under 28 U.S.C. § 1448, Sun had until October 27, 2016 to serve Medallion International, but failed to do so. *See* 28 U.S.C. § 1448. Moreover, no extension of that service period is warranted. Sun offers no basis on which the court could grant a for-cause or permissive extension of the service window. Indeed, it has not responded to Medallion International's motion whatsoever. Thus, because Sun has not been "'meticulous in [his] efforts to comply with'" service requirements, *Quazilbash*,

2010 WL 597132, at *1 (quoting *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994)), this court lacks jurisdiction.  *Hutto*, 2010 WL 2854685, at *3.

WHEREFORE, Medallion International's Motion to Dismiss [Doc. No. 32] is granted.

IT IS SO ORDERED this 16th day of December, 2016.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT