**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SUN SPECIALIZED HEAVY HAUL, LLC, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   Case No. 16-CV-491-GKF-PJC<br>) |
| ACE HEAVY HAUL, LLC; MEDALLION TRANSPORT & LOGISTICS, LLC; MEDALLION INTERNATIONAL, LLC; JOHN DOE, individual; and JOHN DOE, corporation, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**OPINION AND ORDER**

Before the court is the Petition of plaintiff Sun Specialized Heavy Haul, LLC ("Sun") [Doc. No. 2]. For the reasons set forth below, the court dismisses all "John Doe" parties from this lawsuit for failure to timely serve process.

**I. Background**

This dispute arises from a contract between Sun and Ace Heavy Haul, LLC ("Ace"). On February 16, 2016, Sun filed suit in Oklahoma state court, naming Ace, Medallion Transport & Logistics, LLC, Medallion International, LLC, "John Doe, an individual," and "John Doe, a corporation" as defendants. [Doc. No. 2-1, p. 5]. Sun served Ace and Medallion Transport on July 6, 2016; the John Doe parties, however, were neither identified nor served. On July 26, 2016, the case was removed to this court on the basis of diversity jurisdiction. [Doc. No. 2].

**II. Legal Standard**

28 U.S.C. § 1448 provides that, in case of removal, all unserved defendants shall be served "in the same manner as in cases originally filed in such district court," *id.*—that is,

"within 90 days after the complaint is filed," Fed. R. Civ. P. 4(m). "Failure to properly serve [a] [d]efendant[ ] deprives th[e] court of personal jurisdiction," which is "fatal to the maintenance of an action." *Hutto v. United States Gov't*, No. 09-CV-737-JHP-FHM, 2010 WL 2854685, at *3 (N.D. Okla. July 16, 2010). Such a failure is evaluated under a "two-step analysis." *Womble v. Salt Lake City Corp.*, 84 Fed. App'x 18, 20 (10th Cir. 2003). *First*, the court considers "whether the plaintiff has shown good cause for the failure to effect timely service." *Quazilbash v. Wells Fargo & Co.*, No. 09-CV-0652-CVE-FHM, 2010 WL 597132, at *1 (N.D. Okla. Feb. 16, 2010) (quotation marks omitted). If shown, "the court must extend the time for service." *Id*. *Second*, absent good cause, the court considers "whether the plaintiff should be afforded a permissive extension." *Id.* (quotation marks omitted). A "grant of additional time remains discretionary" with the court. *Cloyd v. Arthur Andersen & Co.*, 25 F.3d 1056 (Table), 1994 WL 242184, at *2 (10th Cir. 1994).

### III. Analysis

This case was removed to federal court on July 26, 2016. [Doc. No. 2]. Under 28 U.S.C. § 1448, Sun had until October 27, 2016 to serve the John Doe parties, but failed to do so. *See* 28 U.S.C. § 1448. No extension of that service period is warranted. Because Sun has not identified or served the John Doe parties, the court is unaware of any basis on which it could grant a for-cause or permissive extension of the service window. *See Pointer v. City of Tulsa*, No. 12-CV-397-JED-PJC, 2014 WL 4244290, at *11 (N.D. Okla. Aug. 26, 2014) (dismissing "Joe Doe" defendants). Sun has not been "'meticulous in [his] efforts to comply with'" service requirements, *Quazilbash*, 2010 WL 597132, at *1 (quoting *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994)), and consequently, this court lacks jurisdiction. *Hutto*, 2010 WL 2854685, at *3.

3

WHEREFORE, the court dismisses "John Doe, individual" and "John Doe, corporation" without prejudice as parties in this matter for failure to timely serve process.

IT IS SO ORDERED this 16th day of December, 2016.

*[signature]*
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT